```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF MISSOURI
                          EASTERN DIVISION


UNITED STATES OF AMERICA,      ) 4:09 CR 360 CDP
                               )
     Plaintiff,                )
                               )
vs.                            ) St. Louis, Missouri
                               )
JAMES VERNON JOSEPH, Jr,       ) May 21, 2009
                               )
     Defendant.                )


              TRANSCRIPT OF DETENTION HEARING
            BEFORE MAGISTRATE THOMAS C. MUMMERT


APPEARANCES:


For the Government:          Mr. Howard Marcus
                             Assistant US Attorney
                             111 South 10th Street
                             St. Louis, Missouri  63102


For the Defendant:           Mr. Joseph V. Neill
                             Attorney at Law
                             5201 Hampton Avenue
                             St. Louis, Missouri  63109




                    Transcribed by:

                      Lynne Shrum,
                   111 South 10th Street
                    Eagleton Courthouse
                    St. Louis, MO  63102
```

```
1                THE COURT:  James Joseph.
2           This is also a -- well, actually this is a complaint,
3    criminal complaint, preliminary hearing and a detention
4    hearing.
5           Mr. Neill, there's two things going.  Do you know that?
6    There's a detention --
7                MR. NEILL:  I just thought it was a detention,
8    whatever.
9                THE COURT:  Well, is actually -- it's a preliminary
10   hearing on a criminal complaint that is a probable cause
11   hearing.
12               MR. NEILL:  Okay.
13               THE COURT:  So we're either --
14               MR. NEILL:  Your Honor --
15               THE COURT:  Did you indict?
16               MR. MARCUS:  The grand jury this afternoon.
17               THE COURT:  Is this a done deal, is it definitely
18   going to go to the grand jury?
19               MR. MARCUS:  It's on schedule for indictment.
20               THE COURT:  So are you asking for a continuance?
21               MR. MARCUS:  Yes.
22               THE COURT:  I feel like I'm practicing law up here.
23        Are you --
24               MR. NEILL:  Yes.
25               THE COURT:  All right.
```

1           MR. NEILL:  I called your chambers yesterday.
2           THE COURT:  You mentioned it was, but -- didn't get
3    a formal request for continuance.
4       I'll grant the continuance on the preliminary hearing
5    for ten days.  I'll -- whatever that is.  I'll set it for ten
6    days.
7           MR. NEILL:  Judge, when you asked if it's a done
8    deal, do you mean the --
9           THE COURT:  I didn't mean the indictment being -- I
10   can't -- I won't --
11          MR. NEILL:  The indicting.
12          THE COURT:  I was -- the case being submitted.
13      The done deal, a schedule.  I know they have a
14   scheduling issue because they're trying to break records up
15   there so I know they have scheduling issues in terms of when
16   they can bring indictments, so that's what I was more
17   concerned about, if it's on the schedule, not what was going
18   to happen.
19      I'm assuming Mr. Marcus is qualified to win his case.
20          MR. NEILL:  We'll go with the Court's nomenclature.
21          THE COURT:  Yeah, yeah, fair enough.
22      All right.  Then what we do have pending.
23      I'll set this for a date ten days down the line,
24   whatever it is, and assume it will be indicted by then, that
25   will be moot.

1        The other issue is the bond, and you filed a detention
2    motion, Howard.
3            MR. MARCUS:  Yes, I did.
4            THE COURT:  And looking at the record, I'm looking
5    at the recommendation is for a -- is for detention in this
6    case, so Mr. Neill.
7            MR. NEILL:  Judge, Mr. Joseph or, Mr. Joseph -- Mr.
8    Bouhasin's client.  John couldn't make it today but John told
9    me it's a rather skimpy and sketchy pretrial.
10       Look at introduction, it indicates he refused to be
11   interviewed.
12       That was just because he was a little bit unaware and
13   John said, "Well, you shouldn't talk to anybody about it" is
14   what he told him and it wasn't a lack of cooperation or
15   anything, it was just on the advice of counsel.  I think if
16   the Court wants me, we can sit down with them and maybe, you
17   know, and answer some of the issues but if you look at it,
18   Judge, the prior record shows from 1985 back when Mr. Joseph
19   was 20 years old he has a felony in Texas and that's
20   basically it.
21       He's charged in St. Louis County in May, he's posted
22   bond on that and he's been arrested for a number of crimes
23   out in California and if you look at those, a lot of those
24   are traffic or ordinance violations.  You know, they're
25   nuisance.

1                    THE COURT:  Right.

2                    MR. NEILL:  You know, some of them may be of a

3      serious nature but they -- well, they're arrests.  They're

4      without conviction Judge.  He has no convictions that would

5      be able to be used for purposes of enhancement.  I mean to

6      get to a level two at this point without any criminal

7      convictions and I mean the fact that he had a couple of

8      identifications, that's what he's charged with, Judge, I

9      don't think you should detain anybody who is charged with

10     that.

11          Mr. Joseph did list two residences and the reason why

12     he listed the residence in East John in St. Louis is that's

13     where his cousin lives.  His cousin, Ronald Reynolds, lives

14     at that address.  He thought that it would be best to list a

15     local address.

16          He would be more than willing to adhere to any of the

17     terms and conditions of probation if the Court would consider

18     electronic monitoring, whatever the Court wants.

19                    THE COURT:  Yeah, it's -- here's the thing.  I --

20          What's the basis of the detention motion?  I don't --

21     the record doesn't -- there is a revocation of probation

22     which is a big deal to me but I'll grant you this is a long

23     time ago.

24                    MR. MARCUS:  It's a combination of things, that I

25     don't really know who he is.

```
 1                THE COURT:  Yeah, I'm not sure I do either.
 2                MR. MARCUS:  He's got multiple IDs, multiple
 3     addresses.  He was arrested for felonious restraint and
 4     promoting prostitution in the county.  He was charged with
 5     promoting.  He was travelling around with four or five women
 6     when he was arrested by Bridgeton.
 7          Documents that are in question include the gun
 8     registration card in a false name, so we don't know who this
 9     guy is, what he's up to.  We know he's traveled literally all
10     over the country.  I don't think of any conditions that are
11     going to assure that he's going to be back here.
12                THE COURT:  Yeah, his cousin showed up, I don't
13     know if you -- at the initial appearance and assured me of
14     again -- I'm not taking this to the bank but assured me
15     because I asked him who the hell Mr. -- who Leland Reed is
16     and who -- I didn't know there was a Spider Reed also, so we
17     have two different names going, three names going.  We have
18     two addresses, three names, I don't know who your client is
19     and I know -- I'm little concerned about that and only top of
20     that is -- I think you're right, Joe, everybody has got a
21     right -- and I told your client this at initial appearance.
22     everyone has a right not to -- first thing I tell people,
23     "You have the right to remain silent and you have a right to
24     remain silent at the -- at the interview with pretrial" but
25     pretrial is the -- are the people, as I told your client, who
```

1   advise me on who to put on bond and who not to.  I mean it
2   was a real simple interview with Tiffany Corley.  She said,
3   "I don't know nothing about this guy, leave him in jail," so
4   that's where we are so I am -- you know, I don't know -- just
5   because now he wants to talk because he sees the bad results
6   is why I need to have the pretrial do a second interview with
7   him.  I -- do you think this is a -- let me -- how are we
8   going to find out who this is, who you really believe this is
9   I guess that's my question is.
10              MR. MARCUS:  All we know right now is his prints
11  match this Joseph thing.  Somebody by the name of Joseph was
12  arrested with those prints and that's all we know right now.
13  We have three separate Ids out of his car, three separate
14  names, IDs, multiple names, three or four addresses.
15              THE COURT:  Right.
16              MR. MARCUS:  Three or four addresses, documents
17  that don't belong to him.
18              THE COURT:  Yeah.  Miss Corley had the same
19  problem.  This is not your normal guy comes in with on a --
20              MR. MARCUS:  Obviously.
21              THE COURT:  -- gun on gun case.
22              MR. MARCUS:  Obviously, you know, you know, going
23  to investigate.  I would anticipate further charges being
24  filed in addition to what we currently have right now as we
25  progress, so --

1       THE COURT: I tell you what I'm going to do.
2  Again, I'll grant the same -- the same courtesy I gave Diane
3  Dragan and her client.
4       I'm -- at this point I've got no reason to put your
5  client on bond based on what I'm told by the prosecutor but
6  you can drag something up, if your -- who's counsel on this?
7       MR. NEILL: Mr. Bouhasin.
8       THE COURT: Yes, if he's interested in pursuing
9  this --
10      MR. NEILL: I --
11      THE COURT: -- I don't have a problem, you know.
12 These things move quickly as you know in this court.
13      You want a continuance on this or not?
14      MR. NEILL: Why don't we do that and maybe when
15 John gets back, he'll be back Tuesday, he can confer with Mr.
16 Joseph and make determination --
17      THE COURT: Yeah, that's a good idea.
18      MR. NEILL: -- and then --
19      THE COURT: And I'm not going to direct pretrial to
20 do anything, the second interview to be honest with you
21 because I don't know if he's going to talk or not talk and
22 I'm not going to get into that so, but I'll just push this
23 detention hearing off and by that time maybe, Howard, you can
24 have some more information for me.
25      You may not.

```
 1                 MR. MARCUS:  May not.
 2                 THE COURT:  Yeah, whatever.  That's fine.
 3                 MR. MARCUS:  I will certainly pass on to the Court.
 4                 THE COURT:  Do realize about this, Joe and your
 5    client, the chance of me letting you out on bond with what I
 6    see here is almost zero but I'll -- I'll at least give you a
 7    chance -- your lawyer is not here and Mr. Neill is doing a
 8    good job but he's not -- you know, he's not -- it's not --
 9    you're not his client, he's just trying to cover, so we'll
10    set this for Tuesday at -- can you call again and find out.
11                 MR. NEILL:  Could we do Wednesday, Judge?  I --
12                 THE COURT:  Wednesday sounds even better.
13          Would you mind -- let me find out what --
14                 MR. NEILL:  That would give Mr. Bouhasin, if he and
15    Mr. Joseph and client talked, to at least contact Tiffany.
16                 THE COURT:  I think that's --
17                 MR. NEILL:  I --
18                 THE COURT:  I agree.  Wednesday sounds good.
19          We're looking at -- yeah, the 27th.
20          Is that what you said, Joe, Wednesday?  Wednesday.
21          Yeah.
22                 MR. MARCUS:  Wednesday.
23                 THE COURT:  You just set something -- right.  Ten
24    o'clock.
25          Actually, I'm going to set -- you'll either be indicted
```

```
 1   by then, the indictment will -- so I'll set both of those for
 2   that date if that's okay.
 3             MR. NEILL:  That's fine.
 4             THE COURT:  Then that will solve that problem.
 5        Preliminary hearing and detention hearing set for
 6   Wednesday, the 27th of May at ten a.m.
 7        Right.
 8             MR. NEILL:  Thank you, Judge.
 9             THE COURT:  Good.  Thank you.
10                          (Recess.)
11                       ***************
12                          CERTIFICATE
13        I, Lynne Shrum, do hereby certify I have duly
14   transcribed the above proceedings which have been
15   electronically recorded to the best of my ability.
16        I further certify the foregoing is a true and accurate
17   transcript of the proceedings as heard and understood.
18        This reporter does not certify any transcript nor takes
19   any responsibility for missing or damaged pages of this
20   transcript when said transcript is copied and delivered by
21   any other party other than this reporter.
22
23   _____
24   DATE                                      /s/ Lynne Shrum
25
```